## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KASHIF MAUD KHAN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:22-CV-00138** |
| | § | |
| | § | |
| **UNIVERSAL CABLE HOLDINGS,** | § | |
| **INC. d/b/a SUDDENLINK** | § | |
| **COMMUNICATIONS,** | § | **JURY TRIAL REQUESTED** |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Kashif Maud Khan, complaining of Defendant, Universal Cable Holdings, Inc. d/b/a Suddenlink Communications, and files this Plaintiff's Original Complaint alleging the following:

### I. Nature of the Case

1. Plaintiff, Kashif Maud Khan, brings this action against Defendant, Universal Cable Holdings, Inc. d/b/a Suddenlink Communications, under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et. seq*., for Defendant's unlawful employment practices and retaliation against Plaintiff, including Defendant's discriminatory treatment, harassment, and unlawful retaliation of Plaintiff because of race, color, and national origin, and complaints of, and/or opposition to, discrimination.

## II. <u>Parties and Service of Process</u>

2.      Plaintiff is an individual who resides in Georgetown, Williamson County, Texas, in the Western District of Texas.

3.      Defendant, Universal Cable Holdings, Inc. d/b/a Suddenlink Communications, does business in the Western District of Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III. <u>Jurisdiction & Venue</u>

4.      This Court has jurisdiction over this suit because Khan's causes of action arise under federal law, *i.e.*, the Title VII and Section 1981. Venue is proper in the Western District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Texas.

## IV. <u>Factual Background</u>

5.      Kashif Maud Khan (Khan) immigrated to the U.S. from Pakistan in 1990. His race is Asian. Khan began work for Suddenlink in July 2019. Khan worked in commercial sales and quickly became one of the top sales performers. During 2020, Khan's manager, Richard Malmgren, constantly harassed and berated Khan and frequently exhibited racist behaviors toward Khan and treated him differently than others on the team. Khan was the only non-white member on the sales team, and Malmgren did not hire Khan.

6.      The manager's racist statements and/or conduct toward Khan and others includes, but is not limited to: said he only liked to hire white people; showed

Khan a photo of a gun he had purchased to guard the Confederate monuments down in Gonzales, TX; refused to waive install charges for Asian customers from Pakistan and/or India while approving such waivers for white owners/customers without any questions; refused to engage with customers when they spoke a different language, spoke broken English, and/or were a different race or color; sending Khan to meet with a middle eastern customer and then calling the customer Khan's "Country Team Captain"; referring to Khan as a "Pakistani Ship Captain"; talking about getting pandemic furlough money before "all of the foreigners take our funds"; pointing at an Asian customer and telling Khan he is "your guy"; making fun of the last names of Asian customers; and referring generally to Asians as "Mohammed."

7.      Khan informed his manager's supervisor, Kym Porizka, that his manager's conduct was "harassing," that he "berates [Khan] each chance he gets," that it was "tearing [Khan] up," and Khan was "feeling miserable." In response, the supervisor refused to meet with Khan. And the manager continued to harass Khan.

8.      On October 8, 2020, Khan filed a race discrimination complaint against his manager with HR. Khan sent HR an e-mail entitled "Concerns - Issues - Intimidation - RACIST Behavior - Rick Malmgren[,]" requesting a meeting to discuss Khan's complaints about Malmgren. During Khan's first call with HR on October 12, the HR Rep, Earl Monk, inquired about the manager's "racist behavior." Khan explained that he was treated differently and constantly berated by his manager. On the call, Monk told Khan that he did not think Malmgren's behavior was "racist per se" and repeatedly cast doubts on Khan's claims. Khan detailed on the call how it was affecting him, stating that he had frequent diarrhea, chest pains, sleepless nights,

and lack of appetite, among other things. Monk said he would follow up with Malmgren's boss, Kym Porizka, about Khan's complaints. Khan had several more phone calls with Monk where Monk indicated he had informed Malmgren about Khan's complaints.

9.     Khan was treated differently than the white members on Malmgren's team. Khan had made the request on October 24 to Porizka to work in the Athens market but was told by Porizka that he could not do so because he lived outside of the market in Georgetown. Yet team member Nelson Franke (white) lived several blocks from Khan in Georgetown and was permitted to daily work in the Conroe market. Further, Malmgren placed restrictions on Khan's ability to cold call in the Victoria market even though Khan had been allowed to do unlimited calls by his previous supervisor.

10.     After Malmgren learned of Khan's October 8 racial complaints to HR, Malmgren escalated his behavior toward Khan and retaliated against Khan. In addition to Malmgren's constant berating and harassing behavior, Malmgren instructed an outside construction vendor to no longer refer potential sales to Khan, claimed Khan made mistakes on transactions that were errors committed by the data entry/order entry folks, began requiring documents from Khan that never had been required before his HR complaint, took away sales from Khan and credited such sales to others, and refused to approve install fee waivers on Khan's upgrade sales.

11.     After HR "investigated" Khan's race discrimination claims, a telephone call was arranged between Khan, Porizka, and Monk for November 19, 2020. The scheduled call was to discuss Khan's complaints about Malmgren and Suddenlink's

response. While acknowledging Malmgren needed to work on his "employee interaction," they rejected Khan's allegations that he was being treated differently. The call then shifted, and it was announced that Khan would be suspended with pay for failing to have the written approval of one Suddenlink customer for one installation for an order from August 2020, over three months prior. The problem is that there was no policy that required salespersons to have written customer approval prior to installation in August 2020, which is when Khan completed this transaction with the customer. In fact, missed installations occurred quite often, and no one was disciplined for them. On the call, Khan complained that the suspension was in retaliation for Khan making complaints against Malmgren.

12.     On November 24, 2020, Suddenlink terminated Khan's employment. On March 10, 2021, Khan was notified his offer of employment with a subsequent employer had been rescinded because of an unfavorable employment reference.

## V. Causes of Action

### Race, National Origin, and Color Discrimination/Retaliation under Title VII (42 U.S.C. § 2000e-2, et. seq.)

13.     Title VII makes it an unlawful employment practice to discriminate against an individual because of race. Plaintiff is an immigrant from Pakistan. He is a person of color whose race is Asian. Defendant intentionally discriminated against Plaintiff because of race, national origin, and/or color, and subjected Plaintiff to a hostile work environment, in violation of Title VII, as described above.

14.     Plaintiff further alleges that, as a result of his complaints to Defendant, Defendant retaliated against Plaintiff by discriminatory treatment and/or

termination of his employment, which violates Title VII.

*Race Discrimination/Retaliation under Section 1981 (42 U.S.C. § 1981)*

15.    Section 1981 prohibits race discrimination and retaliation in the making and enforcing of contracts. Plaintiff is a person of color who belongs to the Asian race. Defendant intentionally discriminated against Plaintiff because of race or ethnicity in violation of Section 1981, as described above.

16.    Plaintiff further alleges that, as a result of his complaints to Defendant and/or the EEOC, Defendant retaliated against Plaintiff by discriminatory treatment and/or termination of his employment, which violates Section 1981.

## VI. Damages

17.    As a direct and proximate result of Defendant's conduct, Plaintiff has sustained a loss of past and future wages and benefits of employment.

18.    Further, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

19.    Plaintiff hereby sues for recovery of these damages to the full extent allowed by the above recited statutes.

## VII. Punitive Damages

20.    Defendant's wrongful conduct, as described above, was done knowingly, intentionally, with malice and/or recklessly in violation of Plaintiff's federally protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant under Title VII and/or Section 1981.

## VIII. <u>Attorneys' Fees</u>

21.     Plaintiff has also had to employ attorneys to vindicate his rights under the law, and seeks reasonable and necessary attorneys' fees and costs under Title VII and/or Section 1981, and any other applicable statute.

## IX. <u>Administrative Prerequisites</u>

22.     All conditions precedent to this suit have been performed or have occurred, including exhausting all required administrative remedies. Plaintiff timely filed a charge against Defendant with the Equal Employment Opportunity Commission, as required by Title VII, and received his Notice of Right to Sue from the Equal Employment Opportunity Commission on or after November 22, 2021.

## X. <u>Demand for Jury Trial</u>

23.     Plaintiff hereby respectfully demands a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, Kashif Maud Khan, respectfully requests that the Court issue citation for Defendant, Universal Cable Holdings, Inc. d/b/a Suddenlink Communications, to appear and answer, and that upon final trial, Plaintiff have and recover a judgment against Defendant for all actual damages suffered and/or incurred by Plaintiff, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, punitive damages, and for all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SCANES & ROUTH, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

BY:   /s/ Joel S. Shields
      Michael L. Scanes
      State Bar No. 17701000
      Email: scanes@scanesrouth.com
      Joel S. Shields
      State Bar No. 24041907
      E-mail: shields@scanesrouth.com

**ATTORNEYS FOR PLAINTIFF**
**KASHIF MAUD KHAN**